# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for Colonial
Bank,

      Plaintiff,

v.                                    Case No: 8:12-cv-1813-T-30TBM

DIANA PEARL, an individual doing
business as Pearl Appraisal Services,

      Defendant.

_____

## ORDER

THIS CAUSE comes before the Court upon the Defendant's Motion for Summary Judgment (Dkt. #56), Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment (Dkt. #60), and Defendant's Reply to Plaintiff's Opposition (Dkt. # 63). Upon review and consideration, it is the Court's conclusion that the Motion should be denied.

### *Background*

This case involves a real estate appraisal company, Pearl Appraisal Services, and its principal appraiser Diana Pearl. Federal Deposit Insurance Corporation, as receiver for Colonial Bank ("FDIC-R") is suing Ms. Pearl alleging that she grossly overvalued a residential property at $950,000 in her appraisal. Taylor Bean & Whittaker ("TBW") relied on that appraisal to fund a $570,000 loan to Jerry Cipolla for the purchase of a residential property (the "Cipolla Loan").  However, FDIC-R contends that the actual

value of the property was $548,000.  Colonial Bank ("Colonial") and TBW had a contract titled the Mortgage Loan Participation Sale Agreement (AOT Program-Whole Loan Trades and Private Issue Securities) (the "Agreement").   In the Agreement, Colonial agreed to purchase certain loans from TBW, the "AOT loans," and in exchange Colonial obtained the right to pursue certain claims, including appraisal malpractice claims, arising from and/or related to such AOT loans. As part of the Agreement, TBW used an Assignment of Trade ("AOT") line of credit at Colonial to fund the loans. The dispute in this Motion deals with whether the Cipolla Loan was one of the AOT loans funded by Colonial.

Pearl challenges FDIC-R's standing to bring this action as Receiver for Colonial Bank. FDIC-R raises two bases for standing in its complaint. First, FDIC-R alleges that as the Receiver for Colonial Bank, "the claims which are the basis of this lawsuit were retained by or transferred to the FDIC-R."  Pearl does not dispute that FDIC-R was appointed as the Receiver for Colonial Bank and as such succeeded to all of the "rights, power, and privileges" of Colonial  pursuant to 12 U.S.C.§ 1821(d)(2)(A)(i); or that it is tasked with the obligation to recover losses incurred by Colonial. Pearl argues however, that FDIC-R has no evidence to support its second basis for standing. FDIC-R alleges that

> TBW used its Assignment of Trade ("AOT") line of credit at Colonial to fund the Loan. At the time TBW funded the Loan using Colonial's line of credit, TBW assigned and transferred to Colonial any and all claims against Pearl in connection with the Loan and Appraisal.

Pearl argues that this is the only allegation in the lawsuit that connects TBW to Colonial. Pearl contends that the only evidence that can prove that FDIC-R's claims arise

from an AOT loan is a "Participation Certificate." FDIC-R contends that it has other evidence, although circumstantial, which proves that the Cipolla Loan is an AOT loan funded by Colonial's line of credit to TBW.

*Discussion*

I.  **Legal Standards**

a.  **Motion for Summary Judgment Standard**

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id*. Throughout this analysis, the judge must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in her favor. *Id*. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing

that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49.

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co*., 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp*., 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp*., 881 F.2d 1041, 1045 (11th Cir. 1989).

### b. Standing

Standing is a jurisdictional inquiry, and a "party invoking federal jurisdiction bears the burden" of establishing that he has standing to sue. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). "[E]ach element of standing 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.' " *Florida Public Interest Research Group v. EPA*, 386 F.3d 1070, 1083 (11th Cir. 2004) (quoting *Bischoff v. Osceola County,* 222 F.3d 874, 878 (11th Cir. 2000) (internal quotation marks omitted) (quoting *Lujan*, 504 U.S. at 561)).

When standing is raised at the summary judgment stage, "the plaintiff can no longer rest on mere allegations." *Id.* (quoting *Bischoff*, 222 F.3d at 878 (internal quotation marks omitted) (quoting *Lujan*, 504 U.S. at 561)). As with all summary judgment orders,

the court looks beyond the complaint, to the "depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," Fed.R.Civ.P. 56(c), in considering a factual challenge to standing. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 976 (11th Cir. 2005). "However, in making the necessary preliminary determination of what claims the plaintiff has actually raised (and therefore, what claims he must have standing to raise), [the Court] is bound by the contents of the plaintiff's pleadings, even on summary judgment." *Id.*

To satisfy the constitutional requirements of standing, a plaintiff must show: "[f]irst the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not 'conjectural' or 'hypothetical.' Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court.' Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Bochese*, 405 F.3d at 980 (internal citations omitted).

## II. Pearl's Motion for Summary Judgment for Failure to Establish Standing

As a preliminary matter, although Pearl does not facially attack the Complaint's allegations of standing, the Court concludes that on the face of the Complaint, FDIC-R has properly alleged that it has standing to bring this lawsuit based on the two aforementioned allegations. Pearl argues that FDIC-R's second basis for standing has no evidence to support it because Colonial only obtained rights to a loan if it purchased and

received a Participation Certificate associated with the loan. Therefore, it concludes, if FDIC-R cannot produce the Participation Certificate for the Cipolla Loan, it cannot establish that Colonial, and FDIC-R as its assignee, has an injury in fact and therefore lacks standing to bring this suit. Further, it states that there is no other evidence that FDIC-R can produce that can establish standing.

FDIC-R argues that the purpose of the Participation Certificate was to establish Colonial's acquisition of an interest in the mortgage pools in which the loans at issue were placed. It does not dispute that the Participation Certificate is evidence of an AOT loan. But it argues it was not meant to be the only evidence that Colonial funded a particular loan through its AOT loan facility.    FDIC-R contends that it has other evidence that shows that the Cipolla Loan is an AOT loan. The evidence includes: 1) an Affidavit from Robert A. Hutchins, the Managing Director of Disputes and Investigations at Navigant Consulting, Inc., one of the companies that provided support staff during the TBW Chapter 11 bankruptcy; 2) a Statement Regarding Ownership of Claims; and 3) a Settlement Agreement in the Chapter 11 case entered into by all interested parties including FDIC-R, TBW, and the creditor's committee in TBW's bankruptcy proceedings.

The Affidavit of Robert A. Hutchins, (the "Hutchins Affidavit") establishes that Mr. Hutchins was personally involved with an extensive forensic analysis of TBW's records in his role at Navigant Consulting, Inc.; that he is familiar with TBW's assets, business and financial affairs, books and records with specific knowledge with respect to the records involving loans. He also specifically led the asset reconciliation efforts with respect to identification of loans which had been assigned to the AOT facility by TBW

and Colonial prior to Colonial's closure.   He and his team also reviewed specific documents related to the Cipolla Loan, and he concludes that the Cipolla Loan was an AOT loan based on TBW's business records.

Pearl objects to FDIC-R's use of the Hutchins Affidavit and the records attached to it because she claims that FDIC-R engaged in discovery violations. Specifically, Pearl requested documents supporting FDIC-R's allegations of standing and did not receive them. Further, Pearl specifically noticed and questioned FDIC-R's Rule 30(b)(6) witness about any evidence that supported FDIC-R's standing allegations and FDIC-R did not disclose it.   To the extent that FDIC-R engaged in discovery violations, and those violations prejudiced Pearl, Pearl should file a separate motion to address them.

A party opposing summary judgment may rely on affidavits to establish that a genuine issue of material fact exists. *See Celotex*, 477 U.S. at 324.   When a court evaluates a summary judgment motion asserting a lack of standing, the facts set forth by the plaintiff will be "taken to be true." *Am. Civil Liberties Union of Florida, Inc. v. Dixie County*, Fla., 690 F.3d 1244, 1249 (11th Cir. 2012) (citing *Bischoff*, 222 F.3d at 878.) Taken as true, the Hutchins Affidavit is sufficient to raise a genuine issue of material fact regarding whether the Cipolla Loan was an AOT loan, which would allow FDIC-R to have standing in this case. Since the Hutchins Affidavit is sufficient to create a genuine issue of material fact, it is unnecessary for the Court to discuss FDIC-R's two other purported bases for standing at this time.

To be clear, the Court's is not concluding that FDIC-R has affirmatively proven an injury in fact sufficient to establish standing, only that the evidence on the record creates a genuine issue of material fact which precludes granting summary judgment in favor of

the Defendant. *See Am. Civil Liberties Union of Florida, Inc.,* 690 F.3d at 1249 (the court, on ruling on defendant's Motion for Summary Judgment for lack of standing, found that plaintiff's affidavit, taken as true, raised a dispute as to whether there was an injury in fact, so that the denial of the defendant's motion asserting a lack of standing was proper at that point in the proceedings.)

### *Conclusion*

FDIC-R has raised a genuine issue of material fact regarding whether it has standing to bring this cause of action. Therefore, Plaintiff's Motion for Summary Judgment is denied.

It is therefore ORDERED AND ADJUDGED that:

1.      Defendant's Motion for Summary Judgment (Dkt. #56) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 6th day of November, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2012\12-cv-1813 msj standing.docx